**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| Norman R. Candelore, Jr. | : | Case No. 25-21608-JCM |
| *Debtor.* | : | Chapter 11 (Sub. V) |
| | : | Related to Doc. No. 1 |
| | : | |
| | : | Hearing: August 7, 2025 at 1:30 p.m. |

**ORDER ESTABLISHING CASE MANAGEMENT DEADLINES**
**(SUBCHAPTER V CASE)**

**AND NOW**, this 23rd day of June, 2025, the Debtor having commenced this bankruptcy case on **June 20, 2025** and elected treatment under Subchapter V of Title 11 of the United States Bankruptcy Code. To facilitate the efficient management of this Subchapter V case, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the following deadlines shall apply:

1. **Deadline to Complete Petition:** Because the Debtor elected to proceed under Subchapter V and abide by its deadlines, the Court expects the Debtor's petition (including all schedules and statement of financial affairs) to be completed promptly and by no later than **July 7, 2025**. No extensions shall be granted absent a showing of exceptional circumstances.

2. **Financials:** On or before **June 30, 2025** the Debtor shall file:

    (a) The Debtor's most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return; or

    (b) A statement under penalty of perjury that no balance sheet, statement of operations, and cash-flow statement has been prepared and no federal tax return has been filed.

3. **Status Report:** On or before **July 24, 2025**, the Debtor shall file the status report required under 11 U.S.C. § 1188(c) and serve a copy upon the Subchapter V trustee and all

parties in interest. A corresponding certificate of service shall be filed with the Court. The status report must include, among other things, the following information:

(a) A description of the nature of the Debtor's business, its primary place of business, the number of locations from which it operates, and the number of employees or independent contractors it utilizes in its normal business operations;

(b) Whether the Debtor is current on all required tax returns and filings due to the Internal Revenue Service or Pennsylvania Department of Revenue (or other applicable taxing authorities), and, to the extent known, the amount of any tax liabilities owed to those entities (including but not limited to, a distinction as to whether any such amounts represent past-due trust fund taxes); and,

(c) A summary of the efforts undertaken by the Debtor (and to be undertaken by the Debtor in the future) to attain a consensual plan of reorganization.

4. **Status Conference:** On **August 7, 2025, at 1:30 p.m.,** the Court shall conduct a status conference under 11 U.S.C. § 1188(a) to further the expeditious and economic resolution of the Debtor's bankruptcy case. The status conference will be held in Courtroom "C," 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

5. **Plan Due Date:** Consistent with 11 U.S.C. § 1189(b), the Debtor shall file its proposed plan of reorganization on or before **September 18, 2025**.

6. **Deadline for §1111(b) Elections.** Any election by a secured creditor under 11 U.S.C. §1111(b)(2) must be filed with the Court no later than 30 days after the Debtor's plan is filed.

7. **Monthly Operating Reports.** In accordance with 11 U.S.C. § 1187(b), the Debtor shall comply with 11 U.S.C. § 308 by filing operating reports with the Clerk each month.

The monthly operating reports shall be in the form prescribed by the United States Trustee and are due on the 20th day following the end of the reported month.

8. **Subchapter V Trustee Interim Compensation.** Within 30 days of the petition date and continuing each month thereafter, the Debtor shall remit a $1,000 interim compensation payment to the Subchapter V Trustee. The amount of the interim compensation is subject to adjustment by the Court upon the request of any interested party and remains subject to the Court's approval of the trustee's fee application under 11 U.S.C. § 330. The interim compensation payments provided herein shall constitute adequate protection for the Subchapter V Trustee during the pendency of the case, with such amounts being held by the Trustee without application to any outstanding invoices pending approval of the Trustee's fee application. To the extent the Debtor prepares a cash collateral budget, the Trustee's interim compensation shall be included as a budgeted item.

9. **Service.** Within three business days of this Order, the Debtor shall serve a copy of this Order upon all creditors and parties in interest and file a corresponding certificate of service with the Court.

BY THE COURT:

_____jlm
John C. Melaragno, Judge
United States Bankruptcy Court


SIGNED
6/23/25 4:43 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

3

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-21608-JCM |
| Norman R. Candelore, Jr. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 1 |
| Date Rcvd: Jun 23, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 25, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Norman R. Candelore, Jr., 513 Gala Dr., Canonsburg, PA 15317-3286 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 25, 2025         Signature:         /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 23, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Donald R. Calaiaro | on behalf of Debtor Norman R. Candelore  Jr. dcalaiaro@c-vlaw.com, kmosur@c-vlaw.com;ssimmons@c-vlaw.com;apratt@c-vlaw.com;ncalaiaro@c-vlaw.com;aopoku@c-vlaw.com;Calairo.DonaldR.R141044@notify.bestcase.com;asmith@c-vlaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| William M. Buchanan | on behalf of U.S. Trustee Office of the United States Trustee william.buchanan@usdoj.gov williammbuchanan@yahoo.com;ddefoor@cohenseglias.com |

TOTAL: 3