**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 25-21608-JCM |
| Norman R. Candelore, Jr., | ) |
|     **Debtor,** | ) **Chapter** 11 (Subchapter V) |
| | ) |
| United States Trustee, | ) **Hearing Date:** January 8, 2026 at 1:30 p.m. |
|     **Movant,** | ) |
| vs. | ) **Responses Due:** December 22, 2025 |
| Norman R. Candelore, Jr., | ) |
|     **Respondent.** | ) |

### DEBTOR'S RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR CONVERT DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

**AND NOW** comes the Debtor and Debtor-in-Possession, Norman R. Candelore, Jr., by and through his counsel of record, Calaiaro Valencik, and present the following Response to the *Motion of the United States Trustee to Dismiss or Convert Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* (the "Motion"), and presents the following in support of this Motion:

1. Admitted.

2. Admitted.

3. It is admitted that the United States Trustee relies upon the statutes and rules set forth in this paragraph. It is denied that the requested relief is appropriate.

4. It is admitted that the United States Trustee relies upon the statutes and rules set forth in this paragraph. It is denied that the requested relief is appropriate.

5. Admitted.

6. It is admitted that the UST sent correspondence to the Debtor related to the case. The Debtor has made best efforts to comply with all requests considering his limitations caused by his health issues.

7. Admitted.

8. It admitted that the Debtor filed his schedules with the Court on June 3, 2025. The schedules speak for themselves. To the extent that there is any incorrect or inconsistent information in this Paragraph, those allegations are denied.

9. It is admitted that the Debtor provided the UST with various requested documents.

10. It is admitted that the Debtor had interest in a restaurant and operated a drycleaner. It is also admitted that the Debtor sold his interest in a dog grooming salon prior to the bankruptcy filing. It is denied that the Debtor has a storage unit. Any transactions related to a storage unit are payment of rent for the business operation. The landlord owns a storage unit company and directed that rent payment be paid to that company.

11. It is admitted that the UST requested additional information after the 341 Meeting. All other allegations are denied.

12. It is admitted that the UST requested additional information after the 341 Meeting. All other allegations are denied.

13. Admitted. By way of further response, the Court dismissed the Subchapter V Plan.

14. It is admitted that the UST requested additional information. All other allegations are denied.

15. It is admitted that the Debtor has filed monthly operating reports with the Court. All other allegations are denied.

16. It is admitted that the Court ordered for the Debtor to file outstanding monthly operating reports, which the Debtor did file. All other allegations are denied

17. It is admitted that the Debtor filed his August and September 2025 monthly operating report. All other allegations are denied.

18. It is admitted that the Debtor filed his June 2025 monthly operating report. All other allegations are denied

19. It is admitted that the October 2025 monthly operating report was filed after November 20. All other allegations are denied.

20. It is admitted that the Debtor filed a joint periodic report. All other allegations are denied.

21. It is admitted that the Debtor filed a joint periodic report. All other allegations are denied.

22. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

23. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

24. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy

Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

25. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

26. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

27. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

28. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

29. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

30. Denied. There is no cause to dismiss or convert this case.

31. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

32. Denied. The Debtor has made best efforts to comply with all requests considering his limitations caused by his health issues.

33. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

34. Denied. The Debtor has filed all outstanding monthly operating reports in the case. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues.

35. Denied. The Debtor has filed all outstanding monthly operating reports in the case. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues

36. Denied. The Debtor has filed all outstanding monthly operating reports in the case. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues

37.     Denied. The Debtor has filed all outstanding monthly operating reports in the case. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues.

38.     Denied.

39.     This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

40.     This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

41.     This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues.

42.     Denied. The Debtor has struggled in this case due to a variety of factors, including but not limited to, his health issues. This has caused delays in the preparation of documents. The Debtor is working consistently and diligently to rectify any issues.

43. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

44. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case.

45. Denied. To the extent that the Court finds cause exists, dismissal is the appropriate remedy in this case.

46. The Debtor reserves all rights, remedies, and obligations to complement, supplement, augment, alter and/or modify this motion, and to assert such other grounds as may become apparent upon further discovery.

**WHEREFORE**, the Debtor requests the Court enter an appropriate order denying the *Motion of the United States Trustee to Dismiss or Convert Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)*.

**Respectfully Submitted,**

**DATED:** December 22, 2025      **CALAIARO VALENCIK**

BY: /s/ Donald R. Calaiaro
Donald R. Calaiaro, Esq.  PA I.D. No. 27538

555 Grant Street, Suite 300
Pittsburgh, PA 15219
Phone:      (412) 232-0930
Fax:        (412) 232-3858
Email:      dcalaiaro@c-vlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) Bankruptcy Case No. 25-21608-JCM |
| Norman R. Candelore, Jr., | ) |
| **Debtor,** | ) **Chapter** 11 (Subchapter V) |
| | ) |
| United States Trustee, | ) **Hearing Date:** January 8, 2026 at 1:30 p.m. |
| **Movant,** | ) |
| vs. | ) **Responses Due:** December 22, 2025 |
| Norman R. Candelore, Jr., | ) |
| **Respondent.** | ) |

**CERTIFICATE OF SERVICE OF DEBTOR'S RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR CONVERT DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on December 22, 2025.

Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov

William M. Buchanan on behalf of U.S. Trustee Office of the United States Trustee william.buchanan@usdoj.gov, williammbuchanan@yahoo.com;ddefoor@cohenseglias.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** December 22, 2025         **CALAIARO VALENCIK**

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esq.  PA I.D. No. 27538**

**555 Grant Street, Suite 300
Pittsburgh, PA 15219**
**Phone:**        (412) 232-0930
**Fax:**          (412) 232-3858
**Email:**        dcalaiaro@c-vlaw.com