IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **NORMAN R. CANDELORE, JR.,** | **Bankruptcy No. 25-21608-JCM** |
| Debtor. | Chapter 7 |
| **PAMELA J. WILSON,** **CHAPTER 7 TRUSTEE** | **Document No.** |
| | **Related to Docs. 1, 82, 85, 100, 102** |
| Movant, | |
| vs. | |
| **NO RESPONDENT.** | |

### ORDER EMPLOYING SPECIAL COUNSEL

**AND NOW,** this _____ day of _____, **2026**, upon consideration of the **Application for Order Authorizing Chapter 7 Trustee to Employ Special Counsel,** *Nunc Pro Tunc*, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

(1)   Cooney Law Offices, LLC, Benedum Trees Building, 223 Fourth Avenue, 4th Floor, Pittsburgh, Pennsylvania, 15222, is hereby appointed as of the date of the filing the Motion, as Special Counsel for the Estate pursuant to the terms (including compensation terms) described in the in the above referenced Motion to render professional services including:

   a. Providing the Trustee with legal advice with respect to its powers and duties as a Chapter 7 trustee;
   b. Filing pleadings and representing the Trustee at hearing in this Bankruptcy Case;
   c. Pursing any causes of action on behalf of the Debtor or which may be filed against the Debtor; and
   d. Performing all other legal services for the Trustee that are or may become necessary.

(2)   Professional persons or entities performing services in this case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonable required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the

undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3) Approval of any application for appointment of counsel in which certain terms of compensation are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms. Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. ***Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.***

(4) Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this *Order* does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

(5) *Movant shall serve this Order on all interested parties and file a certificate of service.*

_____
John C. Melaragno, Judge
United States Bankruptcy Court